UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| VS. | : Docket No. 3:03CR194 (RNC) |
| IGOR SHAPOSHNIKOV | : November 29, 2004 |

<u>GOVERNMENT'S MEMORANDUM IN SUPPORT OF MOTION TO AMEND
RESTITUTION ORDER AND APPLICATION FOR WRIT OF EXECUTION</u>

The Defendant, Igor Shaposhnikov, pled guilty to a count of bank fraud and was sentenced by this Court on September 30, 2004.  Defendant Shaposhnikov's co-defendant, Roman Iakoubtchik, was also sentenced by this Court, separately, on May 27, 2004, in a case styled <u>United States v. Roman Iakoubtchik</u>, docket number 3:03CR367 (RNC).  Both Defendant Shaposhnikov and Defendant Iakoubtchik were ordered to pay restitution in the amount of $4,280.00 to Hudson United Bank.  Neither of the two Judgment and Commitment Orders entered by this Court stated however, that the defendants' restitution obligation to Hudson United Bank was "*joint and several*".  The Government has confirmed that Hudson United Bank's total loss was $4,280.00, and thus the defendants' restitution obligation should have been characterized as joint and several.  Furthermore, on June 10, 2004 and September 10, 2004, Defendant Iakoubtchik made payments totaling $125.00 toward satisfaction of the restitution debt, and then on October 6, 2004, Defendant Shaposhnikov made a payment of $4,280.00 to the Clerk of Court, fully satisfying the principal balance of the restitution debt owed to Hudson United Bank[1].

---

[1] Interest of $25.85 and penalties of $1,070.00 have also accrued on the restitution debt, and remain due and owing, in accordance with 18 U.S.C. § 3612(f) and (g).

Nevertheless, since sentence was imposed, the Government has been able to identify an additional thirteen (13) victims who incurred losses totaling $6,660.00 as a result of Defendants Shaposhnikov's and Iakoubtchik's actions. See Exhibit A, attached. Pursuant to 18 U.S.C. § 3664(d)(5), if a victim discovers additional losses, the Court may be petitioned to amend the restitution order to allow for recovery of those additional losses.

Ultimately therefore, Defendant Shaposhnikov's restitution debt should be reduced by Defendant Iakoubtchik's payments of $125.00; but increased by the additional losses of the victims, which total $6,660.00.

One additional factor affecting the defendant's criminal monetary obligations is that the Federal Bureau of Investigations (FBI) is currently holding $11,626.00, which was seized from the defendants at the time of their arrest. The Government hereby requests that a writ of execution be entered pursuant to 28 U.S.C. § 3203, which will direct that the funds currently held by the FBI be deposited with the Clerk of Court, to be distributed as follows.

First, from the $11,626.00, $6,660.00 should be distributed to the additional victims to compensate them for their losses and thereby satisfying the defendant's restitution debt in full. Next, $1,070.00 in penalties and $25.85 in interest that accrued on the restitution debt should also be satisfied, leaving a balance of $3,870.15.

Defendant Shaposhnikov was also ordered to pay a $500.00 criminal fine, which remains due and owing. Assuming the restitution debt to Hudson United Bank was joint and several, co-defendant Iokoubtchik's payments of $125.00 reduced the restitution debt prior to Defendant Shaposhnikov's payment of $4,280.00 on October 6, 2004. Thus, when Defendant Shaposhnikov's payment reduced to zero the restitution debt owed to Hudson United Bank, Defendant Shaposhnikov's "overpayment" of $125.00 should have been credited to his criminal

fine, leaving a current balance of $375.00. The Government requests that the remaining balance of seized funds, $3,870.15, be applied first to satisfy Defendant Shaposhnikov's fine balance of $375.00; leaving $3,495.15 of seized funds.

Co-Defendant Iakoubtchik was ordered to pay a $6,000.00 criminal fine, plus interest. As of November 29, 2004, Defendant Iakoubtchik's fine totals $6,055.66, with interest continuing to accrue in the amount of $0.34 per day. The Government similarly requests that the remaining $3,495.15 of seized funds be applied to Defendant Iakoubtchik's remaining fine. The Government notes that all fine payments are deposited into a national Crime Victims Fund, which are then distributed to victim organizations annually. See 42 U.S.C. § 10601.

Accordingly, the Government requests that the restitution order entered in this case be amended, such that (1) the liability to Hudson United Bank is designated as joint and several; and (2) the amount of restitution is increased by $6,660.00 in losses to additional victims. The Government further requests that a writ of execution be entered, directing the FBI to deposit the funds it is holding in this case with the Clerk of Court, satisfying all the restitution debt in full, and also satisfying Defendant Shaposhnikov's criminal fine; as well as a portion of Defendant Iakoubtchik's criminal fine. For the Court's consideration, a proposed writ of execution is submitted herewith.

Based upon all of the foregoing reasons, and in the interest of justice, the Government respectfully requests that its motion be granted.

       Respectfully submitted,

       Kevin J. O'Connor
       United States Attorney


By: Lisa E. Perkins
   Assistant United States Attorney
   Federal Bar No. ct23164
For: Christine Sciarrino
   Assistant United States Attorney
   United States Attorney's Office
   P.O. Box 1824
   New Haven, CT   06510
   Tel. (203) 821-3780
   Fax. (203) 773-5392
   Federal No. CT3393
   E-MAIL:CHRISTINE.SCIARRINO@USDOJ.GOV

## CERTIFICATION

_____This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 29th day of November, 2004, to:

Christopher William Caldwell, Esq.
71 Lewis Street
Greenwich, CT   06836


Stanford J. Bandelli, Esq.
1611 Voorhies Avenue
Brooklyn, NY   11235

 

_____
Lisa E. Perkins
Assistant United States Attorney